UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WALLACE DEEN-MITCHELL, )
)
Plaintiff, )
)
v. ) Civil Action No. 09-2069 (RJL)
)
HARLEY G. LAPPIN *et al.*, )
)
Defendants. )
)

## MEMORANDUM AND ORDER
June ___, 2010

Defendants move to reconsider the Order of November 4, 2009, granting plaintiff's motion to proceed *in forma pauperis*. Defendants contend that plaintiff is barred from proceeding *in forma pauperis* under the three-strikes provision of the Prison Litigation Reform Act, which states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Such dismissals are authorized by 28 U.S.C. § 1915 (e)(2) and § 1915A, the latter of which requires the screening of prisoners' civil complaints and, if appropriate, the immediate dismissal of such complaints. Defendants have the burden of "produc[ing] evidence capable of showing that the district court dismissed the case on section 1915(g) grounds." *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 436 (D.C. Cir. 2007). "Unexplained dismissals," *id.* at 435, and those based on grounds not listed in section 1915(g) do not suffice in this circuit. *See id.* at 439 (declining "to treat all section 1915A dismissals as presumptive strikes.").

Defendants have not established the requisite number of strikes. They correctly identify two cases as qualifying strikes. *See* Reply Mem. [Dkt. No. 17], Ex. A (*Mitchell v. Color Lab*, 93-4408 (AJL); Ex. C (*Mitchell v. Olds*, 99-1338 (TPJ)). However, the docket of the third case, Ex. B (*Mitchell v. Runyon*, 95-1258 (JR)), reflects a dismissal in July 1995 under then-28 U.S.C. § 1915(d) that does not specify the dismissal ground. Section 1915(d) authorized "[t]he court . . . [to] dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d) (1994). Defendants have not provided a copy of the ruling and the docket summary does not rule out a dismissal based on an untrue allegation of poverty, which is "a reason not covered by section 1915(g)."[1] *Thompson*, 492 F.3d at 439. In addition, the Court declines defendants' invitation to exercise its "discretion to find that Plaintiff is an abusive filer and revoke his IFP status," Reply at 2, based on plaintiff's filing of "at least 19 actions in several district courts since [his incarceration] in 1990." Defs.' Mot. at 4. A search of this Court's dockets reveals that over a span of eighteen years, plaintiff filed twelve cases here, three of which were habeas actions and just three of which were dismissed *sua sponte* prior to assignment to a district judge. Such a "pattern of filing falls substantially short of being abusive." *Thompson*, 492 F.3d at 439 (citing *Butler v. Dep't of Justice*, 492 F.3d 440, 446-47 (D.C. Cir. 2007)). Accordingly, it is

**ORDERED** that defendants' motion to reconsider the grant of *in forma pauperis* status [Dkt. No. 11] is **DENIED**.

/s/ Richard J. Leon
RICHARD J. LEON
United States District Judge

---

[1] Defendants provide a 2009 dismissal order issued by the Middle District of Florida based not on section 1915(g) but rather on plaintiff's lack of candor about his filing history. Defs.' Mot., Ex. B. Thus, an earlier dismissal based on plaintiff's untruthfulness is not out of the realm of possibility.